UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HAROLD ORUM,

          Plaintiff,          Case No. 1:12-cv-1258

v.                                      Honorable Paul L. Maloney

CARMEN D. PALMER et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Palmer. The Court will allow service of the complaint on Defendant Rogers.

**Discussion**

I.       Factual allegations

Plaintiff Harold Orum is incarcerated by the Michigan Department of Corrections (MDOC) at the Pugsley Correctional Facility. He sues the following MDOC employees: Assistant Resident Unit Supervisor (ARUS) A. Rogers and Warden Carmen D. Palmer. Plaintiff does not expressly allege where the events giving rise to his complaint occurred, but Defendant Palmer is the warden of the Michigan Reformatory (RMI), and her address listed in the complaint is that of RMI; thus, the Court will assume that Plaintiff's allegations concern events occurring at RMI.

According to Plaintiff, on April 29, 2009, at around 5:30 in the morning, he informed custody staff that he was not feeling well. He was told to rest and to inform staff again if his condition got worse. He then slept for several hours. When we awoke, he felt "dizziness, light-headedness, nausea, and a severe shooting pain in [his] head." (Compl., docket #1, Page ID#4.) ARUS Rogers walked by his cell a few minutes later, and Plaintiff told her that he was in "severe pain" and needed medical attention because he felt like he was going to pass out. (*Id.*) Rogers allegedly told him "Stop your belly aching, you look fine to me." (*Id.*) Plaintiff explained to her what he had been told by custody staff earlier that day and he asked her to contact them to inform them of his condition. Rogers allegedly stated "It's not like you're dying," and then walked away without informing custody or medical staff. Plaintiff was unable to obtain medical attention until around 2:15 that afternoon, when it was determined that Plaintiff needed to be sent to the hospital for emergency surgery to stop bleeding in his brain.

Plaintiff contends that Defendants have violated MDOC policy regarding the provision of care to inmates for medical emergencies, and that their actions constituted cruel and

unusual punishment in violation of the Eighth Amendment. Plaintiff asserts that he continues to experience a milder version of symptoms that he was experiencing before, and he believes that his current symptoms are the result of Defendants' failure to ensure that he receive prompt medical attention. As relief, Plaintiff seeks compensatory damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Warden Palmer**

Plaintiff barely mentions Defendant Palmer in the body of his complaint, except to assert that she and Rogers failed to provide adequate attention to Plaintiff's medical needs. As indicated, however, Plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court need not accept "threadbare recitals of the elements of a cause of action" supported merely by "conclusory statements." *See Iqbal*, 556 U.S. at 678. Moreover, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where, as here, a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir.

Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff's allegations against Defendant Palmer, which merely consist of conclusory statements, lack sufficient facts suggesting her involvement in Plaintiff's injuries, and fall far short of stating a plausible claim to relief against her.

Moreover, to the extent that Palmer is sued solely because of her supervisory role as warden of the facility where Plaintiff was incarcerated, she may not be held liable under § 1983 for the unconstitutional conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). In addition, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). For all the foregoing reasons, therefore, Plaintiff fails to state a claim against Defendant Palmer.

### B. ARUS Rogers

Upon review, the Court concludes that Plaintiff's allegations are sufficient to warrant service of the complaint against Defendant Rogers.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Palmer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Rogers.

An Order consistent with this Opinion will be entered.


Dated:   March 14, 2013               /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge