UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HAROLD ORUM, # 706542,        )
                              )
            Plaintiff,        )   Case No. 1:12-cv-1258
                              )
v.                            )   HONORABLE PAUL L. MALONEY
                              )
AIMEE ROGERS,                 )   **OPINION**
                              )
            Defendant.        )
_____)

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Pugsley Correctional Facility (MPF). The event giving rise to this lawsuit allegedly occurred on April 29, 2009, at the Michigan Reformatory (RMI). Defendant, Aimee Rogers, is an assistant resident supervisor (ARUS) at RMI. Plaintiff sues defendant in her individual and official capacity and seeks damages. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights under the Cruel and Unusual Punishments Clause.[1]

       The matter is before the court on defendant's motion for summary judgment. (docket # 14). Plaintiff has filed his response. (docket #s 22, 24). For the reasons set forth herein, plaintiff's claim for damages against defendant in her official capacity will be dismissed with prejudice because it is barred by Eleventh Amendment immunity. Defendant's motion for summary

---

[1] All other claims were dismissed on March 14, 2013. (docket #s 4, 5).

judgment will be granted and judgment will be entered in defendant's favor on plaintiff's claim for damages against her in her individual capacity.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013). The motion for summary judgment forces the nonmoving party to

-2-

present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

## Facts

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). In 2008, plaintiff entered a guilty plea to manslaughter charges and was sentenced to serve 8-to-15 years' imprisonment. (docket # 15-2, Plf. Dep. at 5, Page ID 59). Aimee Rogers is an Assistant Resident Unit Supervisor (ARUS) at the Michigan Reformatory (RMI). (docket # 15-7, Rogers Aff. ¶ 1, Page ID 82).

Although plaintiff is currently incarcerated at the Pugsley Correctional Facility, he began his incarceration at RMI. (Plf. Dep. at 6, 10, Page ID 60, 61). Plaintiff states that on April 29, 2009, he was housed in RMI's block I-1.[2] (*Id.* at 9, Page ID 60). At approximately 8 a.m. on that date plaintiff was on his bunk. He called out to Ms. Rogers and asked if she could provide him with medical attention. (*Id.* at 13, Page ID 61). Ms. Rogers denies that plaintiff made any request for her to notify healthcare, but plaintiff's version of events is taken as true for summary judgment purposes. (Rogers Aff. ¶ 3, docket # 15-7, Page ID 82). Plaintiff related that he was not feeling well. (Plf. Dep. at 14, Page ID 62). He did not have any known medical condition or history of headaches. (*Id.*

---

[2]Defendant has presented significant evidence that plaintiff was actually housed in Unit I-5 and that he never requested medical assistance from defendant because she was not assigned to plaintiff's housing unit on the date at issue. (docket # 15-3, Page ID 70; docket # 15-4, Marsh Aff. ¶¶ 2-4, Page ID 72-73). Plaintiff's version is accepted for present purposes.

at 8, Page ID 60).  Plaintiff gave the following testimony regarding his conversation with Ms. Rogers:

> Q.  So what did Ms. Rogers say to you after you asked for help?
>
> A.  Well, she basically told me that there wasn't nothing wrong with me and told me to stop my belly aching, it's not like you're dying of something, something of that nature.  A snide remark like it ain't like your're dying or nothing, like that.  I guess she thought I was bluffing.

(Plf. Dep. at 14-15, Page ID 62).  Ms. Rogers denies making such statements (Rogers Aff. at ¶¶ 4,5, Page ID 82), but again, plaintiff's version will be accepted as true.  Plaintiff states that his conversation with Rogers was very brief, lasting only a minute or two.  (Plf. Dep. at 17, Page ID 62).

Corrections Officer Bruce Carpenter was the officer on duty in plaintiff's housing unit on the afternoon of April 29, 2009.  He performed rounds approximately every thirty minutes.  Plaintiff did not request medical attention until approximately 2:45 p.m.  (docket # 15-5, Carpenter Aff. ¶¶ 3, 4, Page ID 75; docket # 15-6, Page ID 79).  Plaintiff was taken to the medical unit where he was examined.  (Plf. Dep. at 20, Page ID 63).  According to plaintiff, after the examination he was in the process of being returned to his cell when he started vomiting.  A nurse determined that plaintiff should be sent to the emergency room.  (*Id.* at 23, Page ID 64).  By 4 p.m., plaintiff was on his way to the hospital.  (*Id.* at 24, Page ID 24).  Plaintiff was then transported by helicopter from Ionia County Memorial Hospital to Lansing's Sparrow Hospital.  (*Id.* at 25, Page ID 64).  Plaintiff was transported back to prison the following day, April 30, 2009.  (*Id.* at 25, Page ID 64).  On May 29, 2009, plaintiff underwent surgery at Sparrow Hospital and reported that he felt significantly better after the procedure.  (*Id.* at 26-31, Page ID 65-66; docket # 22-4, Page ID 113-14).

On November 13, 2012, plaintiff filed this lawsuit.

**Discussion**

I.   **Official Capacity Claim**

Plaintiff's claim for damages against defendant Rogers in her official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Rogers is entitled to dismissal with prejudice of plaintiff's claim for monetary damages against her in her official capacity.

II.   **Individual Capacity Claim**

Plaintiff alleges that defendant, in her individual capacity, violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the

injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

No reasonable trier of fact could find in plaintiff's favor on the subjective component of his claim against defendant. Plaintiff was reclining on his bunk and complained that he wasn't feeling well. His conversation with Ms. Rogers was very brief. There were no objective manifestations supporting plaintiff's complaints, and those did not emerge until approximately seven

hours later when plaintiff began vomiting. There is no medical evidence that plaintiff suffered any injury as a result of defendant's actions. Shortly after plaintiff began vomiting, he was transported outside the prison for medical attention. Doctors determined that plaintiff's condition did not warrant immediate surgical intervention. Dr. Wu performed surgery on May 29, 2009, and the Sparrow Hospital discharge summary (docket # 22-4, Page ID 113-14) is the only medical evidence that plaintiff presented in support of his claim against defendant. The court finds that defendant is entitled to judgment in her favor as a matter of law on plaintiff's Eighth Amendment claim.

### **Conclusion**

For the foregoing reasons, plaintiff's claim for damages against defendant Rogers in her official capacity will be dismissed with prejudice because it is barred by Eleventh Amendment immunity. Defendant's motion for summary judgment (docket # 14) will be granted and judgment will be entered in her favor on plaintiff's claim for damages against her in her individual capacity.


Dated:   March 23, 2015              /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge